UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

THEODORE ROBINSON

    Plaintiff,

V.                                                    CIVIL ACTION NO.

PORTFOLIO RECOVERY ASSOCIATES, LLC
.
    Defendant.                                    OCTOBER 31, 2008

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Theodore Robinson, as an individual consumer, against Defendant Portfolio Recovery Associates LLC, hereinafter ("PRA") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Theodore is a natural person residing in town of Bowie, County of Prince George and the State of Maryland.

5. Defendant, PRA, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502 and is authorized to do business in Maryland.

6. On information and belief, the principal purpose of Defendant's business in this State is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

### IV. FACTUAL ALLEGATIONS

9. At all times relevant hereto; the Defendant was attempting to collect an alleged debt from the Plaintiff.

10. The alleged debt was incurred by the plaintiff for personal, family, or household purpose and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.  Based on information and belief, during the months of August through October 2008, Defendant PRA, through Kevin Bailey and others, contacted the Plaintiff via telephone and attempted to collect a debt allegedly owed Kay Jewelers.

12. PRA though its employees contacted Plaintiff and threatened to contact his employer and garnish his wages over an alleged debt, when the alleged debt had not been reduced to judgment.

13. PRA through it employees or agents during the period August through October 2008, continued to contact Plaintiff, including calls to his workplace, notwithstanding Plaintiff's advisement, not to call him at work.

14. PRA failed to advise Plaintiff of his rights pursuant to § 1692e (11) during August through October 2008.

15. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.  In the collection efforts, PRA violated the FDCPA, inter alia, § 1692e (11) Failure to disclose in communications that the communication is from a debt collector.

(b) Violation of §1692e (4) the representation or implication that nonpayment will result of the seizure, garnishment and attachment of Plaintiff's wages.

(c) Violation of § 1692e (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d) Violation of §1692f (5) (B) Unfair practice, there is no present intention to take possession of the property i.e.; garnish Plaintiff's wages by contacting Plaintiff's employer.

(e) Contacting Plaintiff at work when he was informed by him not to contact him at his place of employment.

18. As a result of the foregoing violations of the FDCPA, PRA is liable to the Plaintiff Robinson for declaratory judgment that PRA's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant PRA for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

        THE PLAINTIFF

        BY<u>/S/Bernard T. Kennedy</u>
        Bernard T. Kennedy, Esquire
        The Kennedy Law Firm
        P.O. Box 657
        Edgewater, MD 21037
        Ph   (443) 607-8901
        Fax (443) 607-8903
        Fed. Bar # Md26843
        bernardtkennedy@yahoo.com